UNITED STATES of America, Plaintiff,

v.

TRI-STATE HOME IMPROVEMENT COMPANY, INC., a corporation, and George Spector and Howard Spector, Individually and as officers of said corporation, Defendants.

Civ. A. No. 74-C-327.

United States District Court,
E. D. Wisconsin.

Feb. 3, 1977.

William J. Mulligan, U. S. Atty., by Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

David J. Cannon, Robert A. Levine, Milwaukee, Wis., for defendants; Michael, Best & Friedrich, Milwaukee, Wis., of counsel.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for civil penalties and injunctive relief brought pursuant to § 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). The Government alleges that there were eleven counts of violations of a Federal Trade Commission ("FTC") order issued against the defendants on March 1, 1971. Jurisdiction is present under 28 U.S.C. §§ 1331(a), 1337, 1345, and 1355. The matter before the Court is plaintiff's motion for partial summary judgment on the issue of the defendants' responsibility for the representations allegedly made by Benjamin Podell. For the reasons hereinafter stated, the motion is granted.

On March 1, 1971, the FTC issued a cease and desist order, Docket No. C–1877, against the defendant corporation Tri-State Home Improvement Company, Inc. ("Tri-State") and the defendants George Spector and Howard Spector, individually and as officers of said corporation. In an eleven-count complaint, the Government claims that the defendants have violated various paragraphs of this cease and desist order which enjoined them, their agents, repre-

sentatives, and employees from making certain representations in the solicitation of purchases for their home siding products and services. Each of the eleven transactions charged involves alleged representations made by Benjamin M. Podell, a salesman for Tri-State. The Government claims he acted as an authorized agent for the defendants at the time he made the alleged representations.

The parties agree that the major factual issue for trial is whether or not Podell made the alleged representations to the various homeowners who purchased the materials and services of Tri-State through Podell. The Government in its motion for partial summary judgment, accompanied by pertinent portions of depositions of Benjamin Podell and Howard Spector, seeks judgment on the issue of defendants' responsibility for the representations allegedly made by Benjamin Podell. The defendants oppose the motion and state that the matter of defendants' responsibility for alleged representations made by Podell is a factual issue not susceptible to summary judgment.

The Government's position is that certain admissions contained in the depositions of Benjamin Podell and Howard Spector are sufficient in themselves for this Court to conclude as a matter of law that defendants are responsible for any representations which Podell made to customers in Podell's capacity as sales representative for Tri-State. The Government asserts that under the applicable case law, all that the Government need show, assuming that Podell is found to have made the alleged representations, is that Podell was acting with apparent authority from Tri-State, as opposed to actual authority.

The defendants have countered that under the law of apparent authority as formulated in Restatement (Second), Agency §§ 8 and 27, the record herein is insufficient for the granting of plaintiff's motion pursuant to Rule 56, Federal Rules of Civil Procedure, on the issue of defendants' responsibility for the alleged representations of Podell. The defendants assert that pursuant to traditional principles of agency law, it is

necessary to a finding of apparent authority that third parties, here the customers, believe the agent was authorized to bind the principal, and that lack of any affidavits to that effect precludes the granting of plaintiff's motion. See Restatement (Second), Agency § 8, comment c:

"§ 8. Apparent Authority

"Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons.

\* \* \* \* \* \*

"Comment:

"c. *Belief by third person.* Apparent authority exists only to the extent that is reasonable for the third person dealing with the agent to believe that the agent is authorized. Further, the third person must believe the agent to be authorized. In this respect apparent authority differs from authority since an agent who is authorized can bind the principal to a transaction with a third person who does not believe the agent to be authorized."

Following is a summary of the testimony contained in the depositions attached to the motion for partial summary judgment of Benjamin Podell and the defendant Howard Spector, an officer of Tri-State, concerning the employment relationship between Tri-State and Podell during 1971 and 1972, the period of the alleged violations of the Commission's order.

According to the testimony of Podell, he has been employed as a salesman for Tri-State since the fall of 1966 and receives no salary but works on commissions earned from selling Tri-State products. According to the testimony of Spector, Podell worked full time for Tri-State during the relevant period, Tri-State does not withhold taxes on Podell's income, and Podell was free to map his own route while soliciting on behalf of Tri-State. Also, Spector states that defendants made the decisions as to what representations Podell and other salesmen could make in selling Tri-State products to the public, the cost of the siding material, and the minimum profit that was desirable in any sale. Spector also testified that the defendants supplied Podell with sample siding material and literature and with contracts which carried Tri-State's name on top. The defendants required Podell and other salesmen to use Tri-State's name in their sales presentations, and all materials and labor were provided by Tri-State. Complaints from dissatisfied customers were directed to Tri-State rather than to the salesmen. Spector also testified that defendants informed their salesmen of the FTC order.

The Government has correctly stated the minimum standard applicable to such cease and desist cases; that is, if defendants' salesmen and representatives were acting within the *apparent* scope of their authority when the alleged representations took place, then liability is imposed upon the defendant. *International Art Company v. Federal Trade Commission,* 109 F.2d 393, 396 (7th Cir. 1940); *Globe Readers Service, Inc. v. Federal Trade Commission,* 285 F.2d 692, 695 (7th Cir. 1961).

The defendants' view that it is necessary to establish that the customers actually believed that Podell was authorized to bind Tri-State is not a correct statement of the law in actions to enforce cease and desist orders of the FTC. This is not a case where the third party is suing the principal under a theory of apparent authority. The central inquiry here is whether or not the defendants violated a cease and desist order of the FTC. That order forbids the defendants from making various representations. It is sufficient for a motion for partial summary judgment to show that Tri-State clothed its sales representatives with manifestations of its authority, and this has been done by the depositions referred to above. Whether or not customers believed Podell to be so authorized is irrelevant to the inquiry of whether or not the FTC order was violated. See *Globe Readers Service, Inc. v. Federal Trade Commission,* supra, where on similar facts the Court stated at page 695:

"Whatever the relationship between petitioners and the crew managers and solicitors may be when regarded for other purposes we are of the opinion that this relationship, for the purpose here under consideration, is such that petitioners are not in a position to shed responsibility for the acts and practices of the solicitor. * * *"

For purposes of this motion for partial summary judgment, the defendants are responsible for the representations made by Podell while he was acting as a sales representative of Tri-State.

IT IS THEREFORE ORDERED that the plaintiff's motion for partial summary judgment be and it hereby is granted.